(No. 85-CV-031▮

*In re* APPLICATION OF JOYCE A. COLLINS.

*Opinion filed December 11, 1984.*

JOYCE A. COLLINS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (HANS G. FLADUNG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on February 7, 1984. Joyce A. Collins, wife of the deceased victim, John J. Collins, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on September 28, 1984, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased husband, age 41, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: reckless homicide. Ill. Rev. Stat. 1979, ch. 38, par. 9—3.

2. That on February 7, 1984, the victim was fatally injured as the result of a hit-and-run accident. The incident occurred on the street at 2919 West Van Buren, Chicago, Illinois. Police investigation revealed that the

victim, a Chicago police sergeant, was in pursuit of the offender when that offender forced the victim's vehicle into a parked truck. The offender managed to flee the scene and has not been apprehended to date. The victim was pronounced dead at Mt. Sinai Hospital.

3. That the Claimant seeks compensation for funeral expenses and for loss of support for herself and her minor son, Todd M. Collins, age 15.

4. That the Claimant incurred funeral and burial expenses in the amount of $1,012.00. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum award of $2,000.00.

5. That the Claimant and her minor son were totally dependent upon the victim for support.

6. That prior to his death, the victim was employed by the Chicago Police Department and his average monthly earnings were $2,000.95.

7. That section 2(h) of the Act states "* * * loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less."

8. That the victim was 41 year of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States*, 1978, Life Tables, volume II, his life expectancy would have been 73.3 years. The projected loss of support for 32.3 years is $290,700.00, which is in excess of $15,000.00, which is the maximum amount compensable under section 10.1(f) of the Act.

9. That this claim complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

10. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

11. That the Claimant has received the following in reimbursements as a result of the victim's death that can be counted as an applicable deduction under section 7.1(7) of the Act.

| | |
|---|---:|
| Applicable life insurance deduction | $ 9,302.00 |
| Public Safety Officers Benefit Act | 50,000.00 |
| Law Enforcement Officers and Firemen's Compensation Act | 50,000.00 |
| Total | $109,302.00 |

12. That the Claimant's net loss may be computed as follows:

| | |
|---|---:|
| Paid funeral expenses | $ 1,012.00 |
| Compensable loss of support | 290,700.00 |
| Total | 291,712.00 |
| Less reimbursements | — 109,302.00 |
| Less $200.00 deductible | — 200.00 |
| Total | $182,210.00 |

13. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is in excess of $15,000.00 maximum allowed in section 10.1(f) of the Act.

14. That the Claimant's interest would be best served if the award hereunder would be paid pursuant to the installment provision of section 11.1 of the Act.

It is therefore, hereby ordered that the sum of $15,000.00 (fifteen thousand dollars) be and is hereby awarded to Joyce A. Collins, wife of John J. Collins, an innocent victim of a violent crime, to be paid and disbursed to her as follows:

(a) $1,500.00 (one thousand five hundred dollars) to be paid to Joyce A. Collins;

(b) eighteen (18) equal monthly payments of $750.00 (seven hundred fifty dollars) each to be paid to Joyce A. Collins for the use and benefit of Joyce A. Collins and her minor son, Todd M. Collins;

(c) In the event of the death or marriage of the Claimant or the Claimant's children, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.